# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TOMMY KIM BAE, ) | Case No. 2:14-cv-0150-MMD-NJK |
| Plaintiff(s), ) | ORDER GRANTING MOTION TO |
| ) | STAY DISCOVERY AND TO QUASH |
| vs. ) | SUBPOENAS |
| ) | |
| STEPHEN WYNN, et al., ) | (Docket Nos. 28, 29) |
| ) | |
| Defendant(s). ) | |

Pending before the Court are Defendants' motions to stay discovery pending resolution of their motion to dismiss and to quash subpoenas. Docket Nos. 28, 29 (filed on April 11, 2014); *see also* Docket No. 7 (motion to dismiss). No response to the motions to stay and to quash was filed. The Court finds these motions properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motions to stay discovery and to quash are hereby **GRANTED**.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the

merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The Court finds each of these elements exists here. First, the pending motion to dismiss challenges all claims brought by Plaintiff and is therefore potentially case-dispositive. Second, the motion to dismiss can be decided without discovery. Third, the Court is convinced that Plaintiff will be unable to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) under either RICO or FISA.[2] Accordingly, the motion to stay discovery is hereby **GRANTED**.

In light of the order above that discovery be stayed, the Court further **GRANTS** the motion to quash subpoenas.

IT IS SO ORDERED.

DATED: May 2, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

[2] The Court finds less persuasive Defendants' jurisdictional arguments, which focus on the lack of diversity jurisdiction in this case without acknowledging that Plaintiff purports to allege federal causes of action such that federal question jurisdiction may exist. *See* Docket No. 4-5. Nonetheless, the Court remains convinced that Plaintiff's claims will be dismissed for failing to state a claim.