UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TOMMY KIM BAE,

    Plaintiff,

  v.

STEPHEN WYNN; WYNN RESORTS LIMITED,

    Defendants.

Case No. 2:14-cv-00150-RFB-NJK

<u>**AMENDED ORDER**</u>

## I.    INTRODUCTION

This case is before the Court on a Motion to Dismiss or, in the alternative, Motion for More Definite Statement filed by Defendants Stephen Wynn and Wynn Resorts, Limited. ECF No. 7. Plaintiff Tommy Kim Bae filed a Complaint against Defendants on January 28, 2014, alleging violations of the Foreign Intelligence Surveillance Act (FISA) and the Racketeer Influenced and Corrupt Organizations Act (RICO). ECF No. 1. Because Bae has stated no plausible claim upon which relief can be granted, the Court grants the Motion to Dismiss and gives Bae leave to amend his Complaint. The Court also denies the remaining motions currently pending in this case for the reasons stated below.

## II.    BACKGROUND

The following background is taken from Bae's Complaint. ECF No. 1. Bae states that he was employed by Defendants and that he orally complained to them of acts between December 2012 and June 2013 that he believed violated his privacy. Id. ¶ 1. Following this complaint, Bae resigned from his job. Id. After the allegedly invasive acts continued to worsen, Bae sent a written complaint to Defendants via email on August 27, 2013, which he intended to be received

by the Board of Directors for Defendant Wynn Resorts. Id. ¶ 2. Bae received no reply and the alleged invasion of his privacy continued. Id. Bae then submitted a report to officer #4408 of "Las Vegas' FBI Agency" on January 15, 2014, naming specific individuals whom he suspected of violating his privacy. Id. ¶ 3. The next day, Bae received a "Notice of Trespass" from Defendants, although Bae does not provide the contents of this notice or attach it to his Complaint. Id. ¶ 4.

Bae alleges that "the fact that [his] privacy at home felt compromised," combined with the fact that he received a trespass notice immediately after contacting law enforcement regarding Defendants' allegedly invasive acts, constitute evidence of illegal electronic surveillance. Id. ¶ 5. Bae states that he assumes he was given the notice because Defendants deemed him to be a danger to their assets, and also alleges that Defendants continue to electronically surveil him. Id.

Bae's Complaint appears to state two claims for relief: (1) violation of the electronic surveillance provisions of FISA, for which he seeks actual damages, punitive damages, and fees under 50 U.S.C. § 1810; and (2) violation of the RICO statute (18 U.S.C. § 1962) through acts of invasion of privacy, sexual harassment, credit fraud, stalking, and terrorism or war crimes. Id. at 1-2.

Defendants move to dismiss, arguing that Bae has improperly claimed that diversity jurisdiction exists in this case and that he has failed to set forth any facts to support a FISA or RICO claim. ECF No. 7 at 3. Defendants also contend that dismissal should be with prejudice because, if allowed to amend his Complaint, Bae would not be able to set forth any plausible facts to support the claims. Id. In the alternative, Defendants request that the Court order Bae to provide a more definite statement of his pleading under Rule 12(e) on the grounds that the claims are so vague that they deny Defendants a meaningful opportunity to respond. Id. at 9-10.

### III.   LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for

failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). Additionally, the Court must liberally construe the filings of a plaintiff who is proceeding *pro se*, as is the case here. Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In sum, at the motion to dismiss stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis in original).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

## IV. DISCUSSION

### A. The Court Has Subject Matter Jurisdiction Over This Case

First, Defendants argue that this case should be dismissed for lack of jurisdiction. In the Civil Cover Sheet attached to his Complaint, Bae indicated that diversity of citizenship, rather than federal question, is the basis of jurisdiction in this case. ECF No. 1.

District courts have diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists "only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dept. of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Here, Bae indicates on his cover sheet that he is a citizen of Nevada. ECF No. 1. He also states that Defendants are citizens of Nevada, other states, and a foreign country. Id. Therefore, on its face, Bae's Complaint cannot proceed on the basis of diversity jurisdiction.

However, district courts have an independent obligation, regardless of the parties' arguments, to address whether subject matter jurisdiction exists. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004). The Court finds that while it does not appear to have jurisdiction on the basis of diversity of citizenship, federal question jurisdiction clearly exists in this case. Under 28 U.S.C. § 1331, district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Bae alleges that Defendants invaded his privacy and brings claims under the FISA and RICO statutes, both of which are "laws . . . of the United States." Id. The Court thus possesses subject matter jurisdiction over this action and will consider the merits of Defendants' motion.

### B. Bae Has Failed to State a Claim for Unlawful Electronic Surveillance

Section 1810 of FISA provides a right of action to any "aggrieved person, other than a foreign power or an agent of a foreign power" who has been subjected to electronic surveillance as defined in the statute, or who has had information about them obtained by electronic surveillance and unlawfully used or disclosed. 50 U.S.C. § 1810. The statute defines an "aggrieved person" as "a person who is the target of an electronic surveillance or any other

person whose communications or activities were subject to electronic surveillance." 50 U.S.C. § 1801(k). Generally, "electronic surveillance" is defined as the acquisition of wire or radio communications, or the installation of a surveillance device to monitor and acquire information, under circumstances in which a person would have a reasonable expectation of privacy.[1] 50 U.S.C. § 1801(f).

The Court finds that Bae has not stated a claim for unlawful electronic surveillance under Section 1810 of FISA. In his Complaint, Bae does not state that he was subjected to electronic surveillance. Bae does not allege that Defendants acquired any of his radio or wire communications or that Defendants installed any device to monitor and acquire his information. In support of his FISA claim, Bae merely states the following: (1) his privacy at home felt compromised; (2) he received a Notice of Trespass one day after filing a report with law enforcement; and (3) that he "still show[s]/experience[s] signs of being under 'electronic surveillance.'" Compl. ¶ 5. However, these allegations, even when accepted as true and liberally construed in Bae's favor in light of his *pro se* status, are not sufficient to allow the Court to reasonably infer that Defendants have committed unlawful electronic surveillance. Bae's allegations that his privacy felt compromised and that he is experiencing signs of being under electronic surveillance are not specific enough to lead to an inference that Defendants are liable. Moreover, Bae's claim that he received a trespass notice immediately after contacting law enforcement, even combined with the other statements, does not suffice to "raise a right to relief above the speculative level." Williams v. Gerber Products Co., 552 F.3d 934, 938 (9th Cir. 2008) (quoting Twombly, 550 U.S. at 545).

Therefore, Bae has failed to state a claim for unlawful electronic surveillance upon which relief can be granted, and this claim is dismissed. However, Bae shall be given leave to amend this claim, as will be discussed below.

/ / /

/ / /

---

[1] Four specific types of acquisitions that constitute electronic surveillance are specifically defined in Section 1801(f).

**C. Bae Has Failed to State a RICO Claim**

Section 1964 of the federal RICO Act provides a private right of action to "[a]ny person injured in his business or property by reason of a violation of section 1962" of the Act. 18 U.S.C. § 1964(c). Section 1962 prohibits "pattern[s] of racketeering activity" conducted by, or for the benefit of, an "enterprise," as well as any conspiracy to do so. 18 U.S.C. § 1962. In order to establish a civil RICO claim, a plaintiff must allege the following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dept., AFL-CIO, 770 F.3d 834, 837 (9th Cir. 2014) (internal quotation marks omitted).

The Court finds that Bae has not stated a civil RICO claim. Specifically, Bae has not pled that Defendants constitute an "enterprise" within the meaning of the RICO Act, nor has he plausibly alleged that Defendants engaged in a pattern of racketeering activity.

First, "[t]o show the existence of an enterprise under the second element [of a RICO claim], plaintiff[ ] must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish the purpose." Eclectic Props. East, LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014). Here, Bae's Complaint does not contain any factual allegations that show the existence of an enterprise. The Complaint states that Bae's privacy was invaded and accuses "Stephen Wynn as CEO of Wynn Resort Limited" under the RICO Act. Compl. at 1-2. However, Bae provides no facts regarding the purpose, structure or organization, or longevity of any enterprise.

Second, a "pattern of racketeering activity" is defined as at least two acts of racketeering activity. 18 U.S.C. § 1961(5). "Racketeering activity" is defined as any act indictable under one of the criminal offenses listed in the Act. 18 U.S.C. § 1961(1). The Complaint alleges predicate acts of invasion of privacy, sexual harassment, credit fraud, stalking, and terrorism or war crimes. However, Bae has not stated any factual allegations that would support a finding that an enterprise (if one had been established) committed sexual harassment, credit fraud, stalking, terrorism, or war crimes. At most, Bae has attempted to establish a predicate act of invasion of

1  privacy, but even if he had successfully done so, that tort is not a predicate act under RICO. See
2  18 U.S.C. § 1961(1).

3  Because he has not adequately pled the existence of an enterprise or any predicate acts that would establish a pattern of racketeering activity, the Court will dismiss Bae's RICO claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' Motion to Dismiss is therefore granted and its accompanying Motion for More Definite Statement is denied as moot. However, Bae will be given leave to amend this claim.

### D. Leave to Amend Is Granted and Bae's Remaining Motions Related to His Complaint are Denied Without Prejudice

Although Bae's Complaint fails to state a claim upon which relief can be granted, "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012). In his Complaint and in his response to the Motion to Dismiss, Bae states that he sent an email to Defendants and a report to an "FBI agency" with more specific allegations. In deciding this motion, the Court did not consider any material beyond the pleadings. Therefore, since it appears that there may be more factual allegations that Bae could plead to survive dismissal, the Court will grant leave to amend.

The Court's dismissal of Bae's Complaint without prejudice also renders his remaining motions moot. These include three Motions to Trial (ECF Nos. 10, 12, and 20), a Motion for Hearing related to one of the Motions to Trial (ECF No. 21), a Motion for Summary Judgment or Partial Summary Judgment or, alternatively, Motion for a More Definite Statement (ECF No. 22), a second Motion for Hearing and Request for Judicial Notice related to his Motion for Summary Judgment (ECF No. 37), and a second Motion for Summary Judgment (ECF No. 40). These motions are therefore denied as moot.

### E. The Parties' Motions for Sanctions Are Denied

The parties have also each filed motions requesting sanctions in this case. Defendants filed a combined Motion to Strike and Motion for Sanctions against Bae on April 11, 2014. ECF

Nos. 26, 27. On April 14, 2014, Bae filed a Motion to Sanction Defendants, including a request for the imposition of criminal sanctions. ECF No. 30.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks omitted), rev'd on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

Courts also have the inherent power to impose sanctions, including attorneys' fees, "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted). This inherent power must be used with restraint, however. Id. at 44. Moreover, "[b]efore imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct." In re Dyer, 322 F.3d 1178, 1196 (9th Cir. 2003). Such a finding requires more than mere negligence or recklessness. Id.

The Court denies Defendants' Motion to Strike. While it appears that Bae may have filed repetitive and unnecessary motions in this case, the Court exercises its discretion to deny these motions as moot in light of its dismissal of the Complaint without prejudice. The Court also denies Defendants' Motion for Sanctions. The Court does not have sufficient information before it to make a finding of bad faith or willful misconduct, particularly given Bae's *pro se* status and the fact that these filings occurred before any orders were issued from the Court in this case.

The Court also denies Bae's Motion for Sanctions. In his motion, Bae alleges that Defendants committed perjury by making a false declaration regarding his termination in their Motion to Dismiss. ECF No. 30 at 1. Bae also requests criminal sanctions against Defendants for engaging in electronic surveillance in violation of 50 U.S.C. § 1809 and for perjury and subornation of perjury in violation of 18 U.S.C. § 1621 and § 1622. Id. at 1-2. Bae's motion does not provide any factual allegations that would support a finding of bad faith or willful misconduct necessary for the imposition of sanctions under the Court's inherent power. The

1   Court especially declines to issue criminal sanctions, as Bae has not yet even stated a claim for a
2   RICO violation or established that he, as a private citizen, is authorized to enforce the perjury
3   statutes. See Cort v. Ash, 422 U.S. 66, 79-80 (1975) (no private right of action to enforce "a bare
4   criminal statute, with absolutely no indication that civil enforcement of any kind was available to
5   anyone.").

6   Although the Court denies the motions for sanctions, Bae is hereby warned that if he files
7   an Amended Complaint in this case, he should refrain from the excessive and unnecessary filing
8   of motions. Failure to do so could result in the imposition of sanctions, up to and including the
9   dismissal of this case.

### F.  Bae's Motion for Writ of Mandamus Is Denied

11   Finally, Bae filed a Motion for Relief and Writ of Mandamus with this Court on January
12   8, 2015. ECF No. 46. Bae's motion is made under the Crime Victims' Rights Act (CVRA),
13   which states that a crime victim may file a motion seeking relief with the district court for the
14   district "in which a defendant is being prosecuted for the crime or, if no prosecution is
15   underway . . . in which the crime occurred." 18 U.S.C. § 3771(d)(3). In this motion, the crime
16   victim may assert any of the rights listed in subsection (a), including the right to protection from
17   the accused and the right to confer with the Government's attorney in the case. 18 U.S.C.
18   § 3771(a). If the district court denies the crime victim's motion for relief, the victim may file a
19   petition for writ of mandamus in the court of appeals. 18 U.S.C. § 3771(d)(3).

20   The Court denies Bae's Motion for Relief because Bae has not established that he is a
21   "crime victim" within the meaning of the CVRA. In relevant part, the statute defines "crime
22   victim" as "a person directly and proximately harmed as a result of the commission of a Federal
23   offense[.]" 18 U.S.C. § 3771(e). Here, Bae has provided no evidence that Defendants have
24   committed a federal offense and has failed to state a claim against Defendants for the federal
25   causes of action in his Complaint. To the Court's knowledge, there is no criminal proceeding that
26   is currently pending or that has been completed against Defendants in relation to Bae's
27   allegations. Bae's allegations of wrongdoing by Defendants, interspersed throughout multiple
28   briefs and made in a civil case brought under a Complaint that the Court is dismissing in this

1  Order, are insufficient to establish that Defendants have committed a federal offense or that Bae
2  has been directly and proximately harmed as a result. Therefore, the Court denies the requested
3  relief in Bae's motion. Additionally, to the extent that Bae's motion was intended as a Petition
4  for Writ of Mandamus, this Court lacks jurisdiction to consider it and dismisses it on that basis.
5  See 18 U.S.C. § 3771(d)(3) ("If the district court denies the relief sought, the movant *may*
6  *petition the court of appeals* for a writ of mandamus.") (emphasis added).

**V.     CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants Stephen Wynn and Wynn Resorts Limited's Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff Tommy Kim Bae's Complaint is DISMISSED with leave to amend.

**IT IS FURTHER ORDERED** that Defendants' Motion for More Definite Statement (ECF No. 8) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiff Tommy Kim Bae's Motions to Trial (ECF Nos. 10, 12, and 20) are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing (ECF No. 21) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment (ECF Nos. 22 and 40) are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike and for Sanctions Against Plaintiff (ECF Nos. 26 and 27) are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Sanction and Compel the Defendant and/or Motion to Apply Criminal Sanctions (ECF No. 30) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing and Request for Judicial Notice (ECF No. 37) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief and Writ of Mandamus (ECF No. 46) is DENIED.

1   **IT IS FURTHER ORDERED** that Plaintiff shall have **30 days** from the date of this Order to file an Amended Complaint that addresses the deficiencies in his claims identified in this Order. If he does not do so within the time provided, this case will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is warned, if he files an Amended Complaint in this case, to refrain from the unnecessary and repeated filing of similar motions. Failure to comply with this warning may result in the imposition of sanctions, up to and including dismissal of this case.

DATED this 31st day of March, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**